**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| MARIA ANN COX, | Case No: 1:18-cv-399 |
| Plaintiff, | Black, J. |
| v. | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

Plaintiff's two motions for attorney's fees have been referred to the undersigned for initial review. I recommend that the second motion be construed as if filed under 42 U.S.C. §1383 and be GRANTED, and that the earlier motion be denied as moot. Despite the lack of opposition by the Commissioner, the undersigned provides some discussion to provide guidance in future cases.

**I.      Background**

The above-captioned case arises out of Plaintiff's second judicial appeal to challenge the Defendant's denial of application for Supplemental Security Income payments under Title XVI of the Social Security Act. Plaintiff filed her first judicial appeal in 2015, docketed as Case No. 1;15-CV-672. In 2016, this Court reversed the non-disability finding and remanded for further development of the record.

Following remand, the ALJ issued a second adverse decision. After the Commissioner declined additional review, Plaintiff initiated this second lawsuit, again seeking judicial relief from the adverse decision. In August 2019, the Court reversed and remanded for an immediate award of SSI benefits. (Docs. 14, 15). On November 15,

2019, counsel filed a motion seeking attorney's fees and expenses under the Equal Access for Justice Act ("EAJA").

On January 13, 2020, the Social Security Administration issued a Notice of Award that calculated Plaintiff's SSI backpay at $42,079.49. On February 7, 2020, Plaintiff's counsel timely filed a motion seeking an additional fee award under the provisions of the Social Security Act, 42 U.S.C. §406(b).

## II. Analysis

Although the Commissioner has filed no objection to the requested award, the Commissioner has no financial interest in whether or not a motion for fees under the Social Security Act is granted. Unlike EAJA fee awards that are paid by the Commissioner, fees under the separate provisions of the Social Security Act are paid from Plaintiff's past-due benefits award. Courts therefore have an "affirmative obligation… to determine whether a fee award is 'reasonable,' even when supported by an unopposed motion that relies on a standard contingency fee agreement within the 25% statutory cap." *Ringel v. Com'r of Soc. Sec.*, 295 F. Supp.3d 816, 822 (S.D. Ohio 2018) (citing *Lowery v. Com'r of Soc. Sec.*, 940 F. Supp.2d 689, 691 (S.D. Ohio 2013)).

Here, Plaintiff's counsel successfully pursued and won for his client a large award of past-due SSI benefits under Title XVI. However, counsel did not pursue an award of past-due DIB benefits under Title II. Because Plaintiff was not awarded DIB benefits, this Court may not award attorney's fees under the particular statute on which counsel relies: 42 U.S.C. § 406(b). That provision "covers only attorneys whose clients bring successful claims under Title II of the Social Security Act." *Napier v. Commissioner*, 190 Fed. Appx. 458, 459-60 (6th Cir.2006); *see also generally Bowen v. Galbreath*, 108 S. Ct. 892 (1988) (citing 42 U.S.C. § 406(b)); *McCarthy v. Sec'y of Health and Human Servs.*, 793 F.2d 741

(6th Cir. 1986).

The fact that no award may be made under 42 U.S.C. § 406(b) does not mean that Plaintiff's counsel must go uncompensated.  Rather, Congress has provided for compensation through a parallel statute applicable to Title XVI of the Social Security Act. See 42 U.S.C. §1383(d)(2).  In the interests of justice, counsel's motion is construed as if filed under §1383(d).  Because §1383(d) contains nearly identical language and is intended to produce the same result as §406(b),[1] the same case law and analysis applies. For example, both §406(d) and §1383(d) cap fees at 25% of any past-due benefits award. In this case, 25% of the past due benefits award yields a maximum fee of $10,519.75. See §1383(d)(2)(B)(i).  Counsel acknowledges that he expects he will receive $6,000 in fees from SSA for work performed at the administrative level, and states that he has subtracted that sum from the total award he seeks from this Court.[2]  In addition, counsel has subtracted the prior EAJA fee award received in Case No. 1:15-cv-672, in the amount of $1,562.50.[3]  Thus, the total award sought by counsel in the pending motion is $2957.25 ($10,519.75 - $6,000 - $1,562.50 = $2,957.25).

The instant case is somewhat unique to the extent that the total award that counsel

---

[1]42 U.S.C. § 1383(d)(2)(A)(iv) expressly incorporates the language of § 406(b)(1)(A), but alters that language slightly to state that the Commissioner may "pay the amount of such fee to such attorney out of, and not in addition to, the amount of such past-due benefits" in place of the phrase in § 406(b)(1)(A) that states that the Commissioner may "certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." Similar small alterations in the statutory language appear throughout §1383(d) but result in no substantive alteration relevant to this case.

[2]While laudable insofar as counsel's subtraction of the administrative award allows the plaintiff to retain a larger share of her past-due benefits award, the statutory language does not require such subtraction. See generally Culbertson v. Berryhill, 139 S. Ct. 517, 523 (2019) (holding that 25% statutory cap "applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)."); see also Ringel, supra, noting that the compromise of a full fee award is a factor favoring approval of any motion.

[3]As counsel acknowledges, if the Court were to grant his still-pending motion for EAJA fees in the above-captioned case, counsel would be required to refund that EAJA fee to the client, or to further reduce the fee request by the EAJA amount in order to avoid a double-recovery. The undersigned recommends the more straightforward approach of granting a single award under § 1383(d) and denying the pending EAJA motion as moot.

3

seeks includes a total number of hours (27.5) spent not only in the above-captioned case, but also in the prior case in which remand was ordered. Plaintiff's counsel has attached as exhibits to the motion a contingency fee agreement dated July 4, 2012, a Notice of Award bearing the date of January 13, 2020, and time records for this case.[4] The referenced fee agreement authorizes a fee award equal to the statutory maximum.

In *Ringel*, this Court meticulously set forth the "guideposts" most frequently used to determine whether a fee up to the statutory maximum avoids a windfall and is "reasonable," including: (1) the *Hayes* test;[5] (2) the amount of administrative and/or judicial delay; (3) the quality and quantity of attorney hours expended; (4) whether counsel has compromised his/her fee; (5) whether the Commissioner has filed any opposition; and (6) a small number of less "common" factors. The instant motion was timely filed[6] and counsel does not seek in excess of the statutory maximum. Therefore, the undersigned reviews whether the proposed award is "reasonable" under the *Ringel* guideposts. To do so, the undersigned first calculates the hypothetical hourly fee in order to assess it under the Sixth Circuit's longstanding *Hayes* test.

Plaintiff's counsel expended 14 hours on work in the above-captioned case. If limited to work performed in the instant case, the proposed fee ($2957.25) divided by the number of hours expended (14) would yield a hypothetical hourly fee of $211.23. However, if the additional hours from Case No. 1: 15-cv-672 are included, the number of hours spent in federal court increases to 27.5, resulting in a corresponding decrease in the hypothetical hourly rate to $107.53. Notably, even the higher hypothetical hourly rate

---

[4]Time records from the prior case are attached to counsel's EAJA motion in Case No. 1:15-cv-672.
[5]*See Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990).
[6]Local Rule 54.2(b) specifies that a motion for attorney's fees under the Social Security Act must be filed in this Court within forty-five days of the Notice of Award.

falls well below the *Hayes* guideline of a "*per se* reasonable" fee.[7]  *Hayes*, 923 F.2d at 422.  In cases like this one, where there is no objection and the proposed award is reasonable under the *Hayes* test, "the windfall analysis is complete."  *Ringel*, 295 F. Supp.3d at 829.

### III.     Conclusion and Recommendation

Plaintiff's motion should be granted in full because the requested fee is within the 25% statutory cap on fee awards and is otherwise reasonable.  Accordingly, **IT IS RECOMMENDED THAT** Plaintiff's motion for an award of attorney's fees as construed under 42 U.S.C. § 1383(d)  (Doc. 18) should be **GRANTED in full**, and that Plaintiff's motion for an award of EAJA fees (Doc. 17) should be **DENIED AS MOOT.**  Counsel should be awarded a net fee of **$2,957.25** as a contingency fee award arising out of the past-due SSI award, as voluntarily reduced by counsel in the pending motion.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[7]Though not necessary to resolve in this case, the undersigned agrees that combining all hours spent by the same counsel in both cases is appropriate.  The express statutory language is broad enough to encompass an award for *all* representation before a district court, and this Court previously made a similar combined award.  *See Pennington v. Com'r of Soc. Sec.,* Case No. 1:17-cv-264, 2019 WL 3228896 (S.D. Ohio July 18, 2019); *see also Martin v. Sec'y of Health, Ed. and Welfare*, 492 F. Supp. 459 (D. Wy. 1980) (granting 25% award after noting case involved second judicial appeal).

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MARIA ANN COX,                                                          Case No: 1:18-cv-399

        Plaintiff,                                                                      Black, J.
v.                                                                                         Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).